LAW OFFICES OF WILLIAM DENNIE COOK, P.C.
P.O. Box 1
Eagle River, Alaska 99577-0001
Tel: (907) 694-2000
Fax: (907) 694-2024
*Attorneys for Plaintiff*
Our File No.: 116878

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| Joshua Plumb, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Professional Account Services, Inc. and Betty Sanders,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joshua Plumb, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Account Services, Inc. and Betty Sanders, as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of Alaska.

1

## PARTIES

5. Plaintiff Joshua Plumb is an individual who is a citizen of the State of Alaska residing in Matanuska Susitna County, Alaska.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Professional Account Services, Inc. ("PAS"), is a Tennessee corporation with a principal place of business in Williamson County, Tennessee.

8. On information and belief, Defendant Betty Sanders ("Sanders"), is a Tennessee resident with a principal place of business in Williamson County, Tennessee.

9. PAS and Sanders (hereinafter sometimes referred to collectively as "Defendants") are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Sanders is an employee of PAS, and at all relevant times herein was acting as an agent of PAS.

11. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Plaintiff was involved in a car accident in December 2014.

13. As a result of the accident, Plaintiff was treated at Mat-Su Regional Medical Center ("MSRMC") in Palmer, Alaska.

14. As a result of Plaintiff's treatment at MSRMC, Plaintiff incurred certain medical bills ("the Debts").

15. The Debts were for personal medical treatment and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

16. At an exact time known only to Defendants, the Debts were assigned or otherwise transferred to PAS for collection.

17. On July 19, 2018, in an effort to collect the debt, Sanders, on behalf of PAS, sent a facsimile ("the Facsimile") to Plaintiff through Plaintiff's counsel. ("**Exhibit 1**.")

18. In an effort to collect the Debts, PAS contacted Plaintiff by letter ("the Letter") dated August 23, 2018. ("**Exhibit 2**.")

19. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. The Facsimile is a "communication" as defined by 15 U.S.C. § 1692a(2).

# FIRST COUNT
## Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. 15 U.S.C. § 1692e(10) provides that the use of any false representation or deceptive means to collect or attempt to collect any debt, or to obtain information concerning a consumer, is a violation of Section 1692e of the FDCPA.

24. In the Facsimile, Sanders represents that she is contacting Plaintiff on behalf of MSRMC.

25. In the Facsimile, Sanders attempts to obtain information about Plaintiff allegedly on MSRMC's behalf.

26. In reality, however, Sanders was acting on behalf of PAS.

27. Sanders' statement that she was acting on behalf of MSRMC was a false representation.

28. Sanders' statement that she was acting on behalf of MSRMC was a false representation made to attempt to collect the Debts.

29. Sanders' statement that she was acting on behalf of MSRMC was a false representation made to obtain information about Plaintiff.

30. Sanders' statement that she was acting on behalf of MSRMC was deceptive.

31. Sanders' statement that she was acting on behalf of MSRMC was a deceptive means to attempt to collect the Debts.

32. Sanders' statement that she was acting on behalf of MSRMC was a deceptive means to obtain information about Plaintiff.

33. At all times, Sanders was acting on behalf of her employer, PAS.

34. The aforementioned conduct is a violation of Section 1692e of the FDCPA.

35. The aforementioned conduct is a violation of Section 1692e(10) of the FDCPA.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
### Failure to Disclose

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692e(11) provides that the failure of a debt collector to disclose that a communication is from a debt collector is a violation of Section 1692e of the FDCPA.

38. The Facsimile fails to disclose that it is from a debt collector.

39. The aforementioned conduct is a violation of Section 1692e of the FDCPA.

40. The aforementioned conduct is a violation of Section 1692e(11) of the FDCPA.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e
### Time-Barred Debt

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. The statute of limitations for the Debts is three (3) years.

43. The statute of limitations for the Debts expired no later than January 2018.

44. The Letter was sent after the statute of limitations expired.

45. The Letter demands payment.

46. Making any payment on a time-barred debt may result in revival of Plaintiff's otherwise time-barred debt.

47. Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the Debts.

48. Notwithstanding the expiration of the statute of limitations to sue to recover the Debts prior to the time Defendant sent Plaintiff the Letter, the Letter fails to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

49. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

52. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that the time-barred debt is legally enforceable; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

53. As a result of the omissions set forth above, the letters would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

54. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

55. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alaska:

   a. from whom Defendant attempted to collect a time-barred consumer debt without disclosing that the debt was time-barred, from one year before the date of this Complaint to the present; and

   b. from whom Defendants attempted to collect a consumer debt without disclosing that the communication was from a debt collector, from one year before the date of this Complaint to the present

56. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

57. Defendants regularly engage in debt collection.

58. The Class consists of more than 35 persons

59. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

60. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

61. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

62. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: March 14, 2019

                                    LAW OFFICES OF WILLIAM DENNIE COOK, P.C.
                                    By: /s/ William Cook
                                    William Cook, Esq.
                                    P.O. Box 1
                                    Eagle River, Alaska 99577-0001
                                    Tel: (907) 694-2000
                                    Fax: (907 694-2024
                                    *Attorneys for Plaintiff*

David M. Barshay, Esq. (*Pro Hac Vice to be submitted*)
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*