# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSHUA PLUMB,

                Plaintiff,

      v.

PROFESSIONAL ACCOUNT
SERVICES, INC. and BETTY
SANDERS,

                Defendants.

Case No. 3:19-cv-00085-SLG

## <u>ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Before the Court at Docket 33 is Defendants' Motion for Judgment on the Pleadings.[1]  Plaintiff Joshua Plumb responded in opposition at Docket 36. Defendants replied at Docket 37.  Oral argument was not requested and was not necessary to the Court's decision.[2]

## BACKGROUND

On March 28, 2019, Joshua Plumb commenced this action against Professional Account Services, Inc. ("PAS") and Betty Sanders (together, "Defendants"), alleging violations of the Fair Debt Collection Practices Act

---

[1] Defendants' memorandum in support of their motion is at Docket 34.

[2] Due to the coronavirus pandemic, by Miscellaneous General Order 20-13, the District of Alaska imposed a stay on all civil matters until June 1, 2020.  As the presiding judge in this matter, the undersigned judge vacates the stay in this case to enter this order, allow entry of judgment, and the filing of any post-judgment motions.  *See* MGO-20-13. However, the parties may move or stipulate to extend any filing deadlines.

("FDCPA").[3]  On August 14, 2019, Mr. Plumb filed the operative First Amended Complaint ("FAC").[4]  According to the FAC,  Mr. Plumb was injured in a car accident in December 2014 and treated at Mat-Su Regional Medical Center ("MSRMC").[5]  As a result of this treatment, Mr. Plumb incurred debt in the form of medical bills.[6]  Mr. Plumb alleges that his debt was eventually transferred to PAS for collection.[7]  On July 19, 2018, Ms. Sanders sent a fax to Mr. Plumb's counsel stating:

> I am contacting your office on behalf of Mat-Su Regional Medical Center. . . I am checking on the status of the case for Joshua Plumb. . . The patient/client treated on 12/17/14 and has an outstanding balance with the hospital of $5,121.64. . . I spoke with Allstate and I was advised that the claim/case settled with the patient in June 2017. . . Please verify if the patient needs to be contacted for the balance or is the case still ongoing with your office?[8]

Mr. Plumb alleges that, contrary to Ms. Sanders's representations, Ms. Sanders sent the fax on behalf of PAS, and not MSRMC.[9]

A month or so later, on August 23, 2018, PAS sent a letter directly to Mr. Plumb titled "RE: Mat-Su Regional Medical Center," and stating as follows: "Per

---

[3] Docket 1 at 1, ¶ 1 (Complaint).

[4] Docket 18.

[5] Docket 18 at 2, ¶¶ 12–13.

[6] Docket 18 at 2, ¶ 14.

[7] Docket 18 at 2, ¶ 16.

[8] Docket 18-1 at 1 (ellipses in original); Docket 18 at 2, ¶ 17.

[9] Docket 18-1 at 2–3, ¶¶ 17, 24–26.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 2 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 2 of 25

your request, this is to advise you that your current balance is $5121.64."[10] The letter added in bold font: "This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose."[11]

As a result of these two communications—the fax and the letter—Mr. Plumb alleges three violations by Defendants of 15 U.S.C. § 1692e: (1) false or misleading representations; (2) failure to disclose; and (3) time-barred debt collection.[12] Mr. Plumb also seeks to certify a class defined as:

> [A]ll persons similarly situated in the State of Alaska:
>
> a. from whom Defendant attempted to collect a time-barred consumer debt without disclosing that the debt was time-barred, from one year before the date of this Complaint to the present; and
>
> b. from whom Defendants attempted to collect a consumer debt without disclosing that the communication was from a debt collector, from one year before the date of this Complaint to the present.[13]

On August 19, 2019, Defendants answered, denying Mr. Plumb's allegations and raising affirmative defenses.[14] Defendants now move for judgment on the pleadings.[15]

---

[10] Docket 18 at 2, ¶ 18; Docket 18-2.

[11] Docket 18-2 at 1.

[12] Docket 18 at 3–4, ¶¶ 21–54.

[13] Docket 18 at 5, ¶ 55.

[14] Docket 21 at 3–6.

[15] Docket 33.

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 3 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 3 of 25

# LEGAL STANDARD

## I.     Jurisdiction

This Court has jurisdiction over Mr. Plumb's FDCPA claims pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, and pursuant to 15 U.S.C. § 1692k(d), which provides for federal jurisdiction over actions to enforce the FDCPA.

## II.     Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Motions for judgment on the pleadings under [Rule] 12(c)  and motions to dismiss for failure to state a claim under [Rule] 12(b)(6) are 'functionally identical,'"[16] but Rule 12(c) motions are premature unless an answer has been filed and the pleadings are closed.[17]     Accordingly, motions for judgment on the pleadings under Rule 12(c) are generally evaluated under the relevant Rule 12(b) standard; here, the relevant standard is Rule 12(b)(6).[18]

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim,

---

[16] *Pac. W. Grp., Inc. v. Real Time Sols.*, 321 F. App'x 566, 569 (9th Cir. 2008) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

[17] *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

[18] *See Nicdao v. Chase Home Fin.,* 839 F. Supp. 2d 1051, 1061 (D. Alaska 2012) (citing 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1367 (3d ed. Supp. 2010)).

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 4 of 25

a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[19] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully."[22] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[23]

When granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend, unless amendment would be futile.[24] In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the

---

[19] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Id.* (citing *Twombly*, 550 U.S. at 556).

[22] *Id.*

[23] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[24] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 5 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 5 of 25

allegations of [the] original complaint."[25]

### III. FDCPA

"The FDCPA 'comprehensively regulates the conduct of debt collectors,' and 'is a strict liability statute.'"[26] "[T]he FDCPA prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'"[27] There are four elements to an FDCPA cause of action:

> (1) the plaintiff is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a–1692o.[28]

In the instant motion, the parties dispute the fourth prong—whether Plaintiffs have alleged a violation of a provision of § 1692 and, specifically, whether Defendants' alleged conduct, if proven, would constitute a violation § 1692e. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive list of examples of proscribed conduct including, as relevant here:

> (2) The false representation of—

---

[25] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[26] *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011)).

[27] *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)).

[28] *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 680 (D. Hawaii 2017).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 6 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 6 of 25

(A) the character, amount, or legal status of any debt . . . .

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

In determining whether conduct violates 15 U.S.C. § 1692e, a court "undertake[s] an objective analysis of the question whether the 'least sophisticated debtor would likely be misled by a communication,'" which is "a legal, not a factual, determination."[29] "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'" and is "'designed to protect consumers of below average sophistication or intelligence' or 'those who are uninformed or naïve,' particularly when those individuals are targeted by debt collectors."[30] In the Ninth Circuit, "a debt

---

[29] *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019) (quoting *Gonzales*, 660 F.3d at 1061).

[30] *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (first quoting *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); then quoting *Duffy v. Landberg*, 215 F.3d 871, 874–75 (8th Cir. 2000)).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 7 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 7 of 25

collector's liability under § 1692e of the FDCPA is an issue of law."[31]

## DISCUSSION

### I.    Ms. Sanders's Fax to Counsel

Counts I and II of the FAC arise from Ms. Sanders's fax to Plaintiff's counsel ("the Fax"). In Count I, Plaintiff alleges that the Fax falsely represents that Ms. Sanders was acting on behalf of MSRMC, when, in fact, she was acting on behalf of PAS; Plaintiff alleges that therefore, the Fax violates 15 U.S.C. § 1692(e)(10)'s prohibition against use of a false representation in connection with collecting a debt.[32] In Count II, Plaintiff alleges that the Fax fails to disclose that it is from a debt collector, in violation of § 1692(e)(11).[33]

Defendants contend that both counts based on the Fax should be dismissed.[34] Citing to the Ninth Circuit's decisions in *Guerrero v. RJM Acquisitions LLC* and *Donohue v. Quick Collect, Inc.*, Defendants contend that the Fax is not actionable under the FDCPA because it is a communication directed solely to an attorney.[35] In *Guerrero*, the plaintiff sued the purchaser of his consumer debt for

---

[31] *Id.* at 1061.

[32] Docket 18 at 3, ¶¶ 21–35.

[33] Docket 18 at 4, ¶¶ 36–40.

[34] Docket 34 at 4–6.

[35] Docket 34 at 4–5 (citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) and *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010)). Defendants also cite the Second Circuit's opinion in *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) and a decision from the U.S. District Court for the Northern District of Alabama. Docket 34 at 4–5 (citing *Hamilton v. Avectus Health Care Sols., LLC*, No.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 8 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 8 of 25

violations of the FDCPA, including for misrepresenting to the plaintiff's counsel that it was not a debt collection agency, in violation of § 1692(e).[36]   In reversing the district court's denial of the defendant's motion to dismiss, the Ninth Circuit held "that communications directed solely to a debtor's attorney are not actionable under the Act" and, therefore, the "letter to counsel . . . was not a prohibited collection effort and did not violate . . . [§] 1692(e)."[37]   Defendants contend that the Fax—as a communication directed solely to Mr. Plumb's attorney—"cannot be a basis for a claim under the FDPCA" as it is "squarely within the scope of *Guerrero*."[38]   Defendants emphasize the Ninth Circuit's observations in *Guerrero* that the FDCPA treats a consumer separately from a consumer's attorney,[39] that the FDCPA is intended to prevent "harassment, deception, and other abuse," and that "when an attorney is interposed as an intermediary between a debt collector

---

5:13-cv-01967-SGC, 2015 WL 5693610, at *7 (N.D. Ala. Sept. 29, 2015)).

[36] *Guerrero*, 499 F.3d at 929.  In *Guerrero*, the letter from the debt collector to plaintiff's counsel was in response to an initial letter from counsel asserting violations of the FDCPA and threatening suit based on the collector's earlier efforts to collect the debt. *Id.* at 930.  In its response, the debt collector took the position that it was "not a collection agency, and therefore not subject to the [Act]."  *Id.* at 931 (alteration in original).

[37] *Id.* at 934.  In *Donohue v. Quick Collect, Inc.*, the Ninth Circuit distinguished the communication at issue—a complaint served on the debtor—from a communication directed solely to an attorney.  592 F.3d at 1032.  In doing so, the Ninth Circuit reiterated that "[w]hen the recipient of the communication is solely a debtor's attorney, the FDCPA's purpose of protecting unsophisticated consumers is not implicated."  *Id.*

[38] Docket 34 at 6.

[39] Docket 34 at 5 (citing *Guerrero*, 499 F.3d at 932).

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 9 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 9 of 25

and a consumer, [a court] assume[s] the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."[40]

In his opposition to Defendants' motion, Plaintiff maintains that the Fax falls within a narrow exception to the *Guerrero* rule.   Plaintiff seizes on the following statement in *Guerrero*: "we hold that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act."[41]   From this statement, Plaintiff posits that "where a communication otherwise directed only to a debtor's attorney is accompanied by '*any* threat to contact the debtor,' it is actionable."[42]   Plaintiff contends that the Fax

_____

[40] Docket 34 at 6 (quoting *Guerrero*, 499 F.3d at 937) (internal quotations omitted).

[41] *Guerrero,* 499 F. 3d at 936.

[42] Docket 36 at 8 (quoting *Guerrero*, 499 F.3d at 936) (emphasis in brief).  Plaintiff adds that "Defendants' reliance on *Donohue* . . . is equally misplaced," noting that *Donohue* "merely quoted *Guerrero* and, further, expressly found that the 'limited exception that we outlined in *Guerrero* is inapplicable here.'" Docket 36 at 8–9 (quoting *Donohue,* 592 F.3d at 1032).  Defendants counter that the "limited exception" mentioned in *Donohue* is a reference to "*Guerrero's* central holding—that is, that communications directed solely to a debtor's attorney are not actionable under the FDCPA."  Docket 37 at 3, n.1.

A complete reading of *Donohue* confirms that the Ninth Circuit was referring to *Guerrero's* creation of an exception from liability under the FDCPA for communications directed only to attorneys; the Circuit found that because the plaintiff had received the communication in question, it was not within the *Guerrero* exception.  The Ninth Circuit explained:

> In *Guerrero*, we concluded that communications sent only to a debtor's attorney are not  actionable under the FDCPA. . . .  When the recipient of the communication is solely a debtor's attorney, the FDCPA's purpose of protecting unsophisticated consumers is not implicated.  Thus, we there concluded that a letter directed "to counsel, and not to his client—'the consumer'—was not a prohibited collection effort."  But the limited exception that we outlined in *Guerrero* is inapplicable here.  [The plaintiff] was personally served with the Complaint.  Therefore, [the plaintiff] herself, not her lawyer, was the recipient of

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 10 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 10 of 25

contains an "express threat"[43] insofar as it states: "[p]lease verify if the patient needs to be contacted for the balance."[44]  Plaintiff thus maintains that the Fax *is* subject to the FDCPA.[45]  In their reply brief, Defendants contend that "not a single court in *Guerrero*'s thirteen-year history has analyzed or applied the 'unaccompanied by any threat to contact the debtor' language."[46]  Defendants posit that *Guerrero*'s reference to a "threat to contact the debtor" relates to § 1692c(a)(2) of the FDCPA, which prohibits a debt collector from contacting a debtor directly if they know the debtor is represented by counsel.[47]

The Court agrees with Defendants that it is not clear whether *Guerrero*

---

the communication.  Because the complaint was communicated to the consumer, the requirements of the FDCPA apply.

*Donohue*, 592 F.3d at 1032 (citations omitted) (quoting *Guerrero*, 499 F.3d at 934).

[43] Docket 36 at 8.

[44] Docket 36 at 8 (emphasis omitted) (quoting Docket 18-1 at 1).

[45] Docket 36 at 8–9.  Plaintiff alleges that the Fax violates § 1692e's prohibition on the use of false, deceptive, or misleading practice in connection with the collection of a debt because Ms. Sanders "affirmatively stated that she was contacting counsel on behalf of MSRMC when, in fact, Sanders was at all times an employee of PAS and acting as an agent for PAS."  Docket 36 at 9.  Plaintiff also alleges that Defendants' "failure to identify the Fax as being a communication from a debt collector" violates § 1692e(11).  Docket 36 at 10–11.

[46] Docket 37 at 3.

[47] Docket 37 at 4.  Defendants suggest that *Guerrero* adopted the language about a threat to contact the debtor from *Tromba v. M.R.S. Assocs.*, 323 F. Supp. 2d 424, 427–28 (E.D.N.Y. 2004).  Docket 37 at 3.  Defendants contend that *Tromba*, in turn, was analyzing the facts in *Paulemon v. Tobin*, 30 F.3d 307, 308 (2d Cir. 1994), where the plaintiff alleged a violation of the FDCPA provision that prohibits a debt collector from knowingly contacting a "represented person" directly.  Docket 37 at 3–4.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 11 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 11 of 25

created an exception (to the exception) for communications to attorneys that contain a threat to contact the debtor. For one thing, the statement is to some degree dicta, in that the communication to the lawyer in *Guerrero* did not make any reference to contacting the debtor. Moreover, earlier in its opinion, the *Guerrero* court held, without caveats or carveouts, "that communications directed solely to a debtor's attorney are not actionable under the Act."[48] In support of its holding, the *Guerrero* court cited several out-of-circuit decisions, concluding that "[a]ll but one published federal decision to have given reasoned consideration to the question has determined that communications to a debtor's attorney are not actionable under the Act."[49] And apart from *Tromba v. M.R.S. Assoc.*, the cited cases do not carve out any exceptions to the attorney rule for communications that include a threat to contact the debtor.[50] And while a review of district court decisions relying on *Guerrero* suggests that some courts have interpreted *Guerrero* as creating the disputed exception, none elaborated on the exception or concluded that a particular communication fell within such an exception.[51]

---

[48] *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

[49] *Id.* at 936 (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 127–28 (2d Cir. 2002); *Diesi v. Shapiro*, 330 F. Supp. 2d 1002, 1004 (C.D. Ill. 2004); *Zaborac v. Phillips & Cohen Assocs., Ltd.*, 330 F. Supp. 2d 962, 966-67 (N.D. Ill. 2004); *Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 428 (E.D.N.Y. 2004); *but see Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232-33 (4th Cir. 2007))..

[50] In *Tromba*, the district court concluded that the plaintiff had "no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself." *Tromba*, 323 F. Supp. 2d at 428.

[51] *See, e.g., Angel v. Am. Recovery Servs., Inc.*, No. C12-0666-JCC, 2012 WL 3594371,

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 12 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 12 of 25

However, this Court need not determine whether such an exception exists because it finds that the Fax does not contain a "threat to contact the debtor." A threat implies a statement of some future outcome or harm; it is a "statement of some . . . bad thing that will happen in the future"[52] and an "indication of an approaching menace . . . the suggestion of an impending detriment."[53] Here, the allegedly threatening language in the Fax—"[p]lease verify if the patient needs to be contacted for the balance or is the case still ongoing with your office?"—is framed as a question and indicates that the sender is aware that Plaintiff may be represented, and thus off-limits, and seeks to confirm as much.[54] This inquiry does

---

at *2 (W.D. Wash. Aug. 22, 2012) (concluding that a communication was not actionable in part because "[t]he Complaint contains no allegation that ARSI threatened or attempted to contact Ms. Angel directly"); *Wright v. Phelan, Hallinan & Schmeig, LLP*, No. 09-3538, 2010 WL 786536, at *6 (E.D. Pa. March 8, 2010) (concluding letter directed to debtor's attorney was not actionable under FDCPA and noting "[t]he letter was not addressed to plaintiff, nor it did contain any threat to contact plaintiff directly"); *Tourgeman v. Collins Fin. Servs.*, No. 08cv1392-CAB (NLS), 2012 WL 3731807, at *10 (S.D. Cal. Aug. 29, 2012) (quoting *Guerrero* and concluding that "Plaintiff has not provided the Court with any evidence of harassment that he received as an individual during the duration of the state court lawsuit."), *rev'd on other grounds by Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109 (9th Cir. 2014).

[52] *Threat*, Bouvier Law Dictionary, (Desk ed. 2012).

[53] *Threat*, Black's Law Dictionary, (11th ed. 2019).

[54] Section 1692c(a)(2) of the FDCPA provides that:

> a debt collector may not communicate with a consumer in connection with the collection of any debt—if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 13 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 13 of 25

not suggest future menace or harm, nor any intent to take action to make contact with the debtor absent confirmation from counsel. Thus, even accepting the factual allegations in the FAC as true, the language of the Fax simply does not constitute a threat.

Plaintiff also asserts that the *Guerrero* court's rationale for exempting from the FDCPA's purview communications made solely to an attorney—that "[u]nsophisticated consumers are easily bullied and misled" and that "[t]rained attorneys are not"[55]—does not apply when there has been "an affirmative misrepresentation concerning the identity of a person sending a communication."[56] Plaintiff posits that "it does not logically follow that a trained attorney would be able to detect an affirmative misrepresentation concerning the identity of a person sending a communication to him."[57] However, the Ninth Circuit in *Guerrero* did not create an exception for misrepresentations. Rather, it concluded that:

> Section 1692e prohibits debt collectors from 'us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt.' We do not disagree with the dissent that such prohibited representations or means may take the form of a communication. But we hold that communications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act.[58]

---

[55] *Guerrero v. FJM Acquisitions, LLC*, 499 F.3d 926, 935 (9th Cir. 2007).

[56] Docket 36 at 10.

[57] Docket 36 at 10 (citing *Guerrero*, 499 F.3d at 935).

[58] *Guerrero*, 499 F.3d at 936 (footnote omitted).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 14 of 25

Based on the plain language of *Guerrero*, the Court concludes that its holding applies to any false, deceptive, or misleading representation made to an attorney in connection with the collection of a debt, including fraudulent representations concerning the identity of the sender.[59]

In light of the foregoing, the Court finds that the Fax is not subject to the FDCPA. Because the recipient and the content of the communication are not disputed, the Court finds that any amendment to the complaint would be futile; Plaintiff cannot cure the defect in his allegations without contradicting the operative complaint.[60] Defendants are therefore entitled to judgment on the pleadings on Counts I and II of the FAC.

## II. PAS's August 2018 Letter to Mr. Plumb

In Count III of the FAC, Plaintiff alleges that PAS's letter to Plaintiff (the "Letter") demands payment on a time-barred debt without indicating that "no legal

---

[59] Other district courts in this Circuit have concluded the same. For example, in *Angel v. American Recovery Services*, the district court addressed the plaintiff's argument that "*Guerrero* involved a misrepresentation of the law, which an attorney would be well-positioned to address, as opposed to a misrepresentation of fact," and concluded that *Guerrero* "drew no distinction between statements of fact and statements of law, nor did its reasoning suggest that it would be receptive to such a distinction," but rather "noted that concerns about abusive or dishonest tactics by debt collectors 'quickly evaporate' when a debtor is represented by counsel who fields all communications relevant to the debt collection." No. C12-0666-JCC, 2012 WL 3594371, at *2 (W.D. Wash. Aug. 22, 2012).

[60] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 15 of 25

action could be undertaken to attempt to recover the Debts" or that "any partial payment by Plaintiff may result in the revival" of the debt.[61]  Plaintiff alleges that the Letter therefore violates § 1692e's prohibition on using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and specifically violates § 1692e(2)(a)'s prohibition against the false representation of "the character, amount or legal status of any debt," and § 1692e(10)'s prohibition against the use of "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[62]

In their motion, Defendants maintain that even if the statute of limitations had run on the debt, the Letter does not violate the FDCPA because "a statute of limitations does not extinguish a debt but only prevents a party from pursuing such a debt in court."[63]  Relying on *Jones v. Synergetic Communication, Inc.*, Defendants contend that the proper inquiry is "whether the debt collection letter could plausibly mislead a reasonable unsophisticated consumer into thinking her debt is enforceable in court."[64]  In *Jones*, the plaintiff alleged violations of the

---

[61] Docket 18 at 4, ¶¶ 47–48.

[62] Docket 36 at 4–5, ¶¶ 49–54.

[63] Docket 34 at 7 (citing *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001)).  Defendants dispute whether the statute of limitations has run on the debt, but assume it has for purposes of this motion.  *See* Docket 34 at 7.

[64] Docket 34 at 7 (quoting *Jones v. Synergetic Commc'n, Inc.*, No. 18-cv-1860-BAS-RBB, 2018 WL 6062414, at *4 (S.D. Cal. Nov. 20, 2018)).

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 16 of 25

FDCPA in connection with a debt collection letter that offered an opportunity for "settlement" of the debt within a window of time; the letter also contained a disclaimer that the "law limits how long you can be sued on a debt" and indicated that because of the age of the debt, the collector "will not sue you for it."[65] The district court granted the collector's motion to dismiss, holding that the collector's statements "could not plausibly mislead the least sophisticated consumer" about the legal status of the alleged debt.[66]

Defendants maintain that in the "absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."[67] Defendants conclude that because the August 2018 letter does not threaten litigation or mention settlement, it does not violate the FDCPA.[68]

In his opposition to Defendants' motion, Plaintiff maintains that because the Letter fails to advise Plaintiff that a legal action to collect the debt was time-barred, it constitutes a "false, deceptive and/or misleading practice" because the least

---

[65] *Jones*, 2018 WL 6062414, at *1.

[66] *Id.* at *7.

[67] Docket 34 at 8 (quoting *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011)).

[68] Docket 34 at 8 (analogizing to *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001), where an attempt to collect a time-barred debt did not violate the FDCPA even though the letter did not contain a disclaimer about the statute of limitations).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 17 of 25

sophisticated consumer would be led "to believe that the [d]ebt is legally enforceable, when it is not."[69]  Plaintiff distinguishes *Jones* on the basis that there, the court "relied heavily on the fact that the collection letter therein included a sentence stating '[t]he law limits how long you can be sued on a debt.  Because of the age of your debt, the creditor listed on the debt will not sue you for it.'"[70]  Plaintiff adds that Defendants' reliance on another case, *Buchanan v. Northland Grp., Inc.*, is also misplaced because there, the Sixth Circuit held that an FDCPA claim could proceed to discovery, where the claim was based on a "settlement offer" sent to the debtor  that failed to include any notice advising the debtor that legal action on the debt was time-barred.[71]  Plaintiff maintains that under Alaska law, "a written promise or acknowledgement (payment) of an alleged debt is sufficient to restart the statute of limitations."[72]  Plaintiff contends that Defendants' letter could therefore prompt Plaintiff—under false pretenses—to make a payment toward the debt, thereby unwittingly resurrecting a time-barred debt.[73]  Plaintiff contrasts the instant case with *Stimpson v. Midland Credit Management., Inc.*, where, in concluding that the debt-collection communication at issue was not actionable

---

[69] Docket 36 at 15.

[70] Docket 36 at 14 (alteration in original) (quoting *Jones*, 2018 WL 6062414 at *1).

[71] Docket 36 at 14 (citing *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

[72] Docket 36 at 15 (citing *Walker v. White*, 618 P.2d 561, 564 (Alaska 1980)).

[73] Docket 36 at 15.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 18 of 25

under the FDCPA, the district court recognized that under governing Nevada law, "partial payment on a time-barred debt does not revive the statute of limitations."[74] Plaintiffs emphasize that the district court held that "[b]ecause 'there was no risk of revival' . . . [the] letter did not violate the FDCPA by dint of failing to include a more specific warning that a partial payment might reset the limitations clock."[75] However, it bears noting that the district court in *Stimpson* expressly declined to determine whether an FDCPA violation would have occurred had the applicable law provided for a revival of the statute upon a partial payment.[76]

In their reply brief, Defendants maintain that the FDCPA does not require that a communication to a debtor explicitly state that legal action to enforce the debt was time-barred, as Plaintiff suggests.[77] Defendants also cite to *Stimpson*, but for the proposition that the "FDCPA does not mandate an explicit statute-of-limitations disclosure."[78]

---

[74] Docket 36 at 14 (citing *Stimpson v. Midland Credit Mgmt., Inc.*, 347 F. Supp. 3d 538, 547 (D. Idaho 2018), *aff'd* 944 F.3d 1190 (9th Cir. 2019)).

[75] Docket 36 at 15 (alteration in original) (quoting *Stimpson*, 347 F. Supp. 3d at 546). The letter at issue in *Stimpson* included a statement that "the law limits how long you can be sued on a debt" and that "[d]ue to the age of this debt, we will not sue you for it or report payment or non-payment to a credit bureau." 347 F. Supp. 3d at 542–43.

[76] The district court noted that "[t]he outcome might be different if Idaho law governed the account, [which has a revival statute], but that issue is not before the Court and will thus be left for another day." 347 F. Supp. 3d at 547.

[77] Docket 37 at 6.

[78] Docket 37 at 6 (quoting *Stimpson*, 347 F. Supp. 3d at 548).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 19 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 19 of 25

The Letter provides: "Per your request, this is to advise you that your current balance is $5121.64" and adds that "[t]his is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose."[79] Otherwise, the Letter provides a telephone number, as well as various methods by which Plaintiff can pay his debt.[80] Thus, the Letter contains neither language threatening litigation or offering settlement nor language informing Plaintiff that the debt is time-barred and cannot be enforced in court. The question for the Court is therefore whether an attempt to collect on a time-barred but otherwise valid debt violates the FDCPA if it does not include a disclaimer that the debt is unenforceable in court but also does not threaten litigation or offer settlement. Stated differently, could a straightforward attempt to collect on a time-barred debt, which says nothing about the statute of limitations, plausibly mislead the "least sophisticated consumer" to believe that the debt is enforceable in court.

It is undisputed that the FDCPA does not prohibit attempts to collect a time-barred debt but that it does prohibit any attempts to collect such a debt by false representation or deceptive means. However, federal courts are divided as to what constitutes an FDCPA violation in this context.[81] For instance, in the Third and

---

[79] Docket 18-2 at 1 (emphasis omitted).

[80] Docket 18-2 at 1.

[81] *See White v. First Step Grp. LLC,* No. 2:16–cv–02439–KJM–GGH, 2017 WL 4181121 at *6 (E.D. Cal. Sept. 20, 2017) (collecting cases); *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 689–90 (D. Hawaii 2017) (same).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 20 of 25

Eighth Circuits, efforts to collect a time-barred debt are actionable only if accompanied by an express threat of litigation.[82]  In contrast, the Fifth, Sixth, and Seventh Circuits have held that collection letters that offer to "settle" or fail to address the effects of a partial payment may violate the FDCPA.[83]

Recently, the Ninth Circuit addressed the issue of collecting time-barred debts in *Stimpson v. Midland Credit Management, Inc.,* 944 F.3d 1190 (9th Cir. 2019).  It held that the FDCPA does not prohibit a debt collector from attempting to collect a lawful, outstanding debt after the statute of limitations has run "so long as the debt collector does not use means that are deceptive or misleading and otherwise complies with legal requirements."[84]  In *Stimpson*, the collection agency

---

[82] *See, e.g., Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) (("[T]he FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.); *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.").

[83] *See, e.g., Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (holding that a settlement offer may "falsely impl[y] that the underlying debt is enforceable in court" and a partial-payment offer may lead an unsophisticated consumer to "assume from the letter that some payment is better than no payment," which may revive a time-barred suit); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("Whether a debt is legally enforceable is a central fact about the character and legal status of that debt.  A misrepresentation about that fact thus violates the FDCPA.  Matters may be even worse if the debt collector adds a threat of litigation, but such a threat is not a necessary element of a claim." (citation omitted)); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (adopting the reasoning of *McMahon*).

[84] *Stimpson*, 944 F.3d at 1194.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 21 of 25

was attempting to collect on a time-barred credit card debt and sent a letter to the debtor indicating his account balance and presenting three "offer[s]": "Option 1: 40% OFF. Option 2: 20% OFF Over 6 Months. Option 3: Monthly Payments As Low As: $50 per month."[85] The letter also explained that the "law limits how long you can be sued on a debt" and added that "[d]ue to the age of this debt, we will not sue you for it."[86] The debtor alleged that the collection agency had violated the FDCPA by attempting to collect on a time-barred debt without expressly disclosing it was time-barred and legally unenforceable. The district court granted summary judgment to the debt collection agency, and the Ninth Circuit affirmed.[87] The Circuit reasoned that the letter included language that led to the "natural conclusion . . . that the debt is time barred" and that "[n]othing in the letter falsely implies that [the debt collector] could bring a legal action . . . to collect the debt."[88] The Ninth Circuit noted, "[f]or instance, the letter does not offer him a 'settlement offer,' which could 'falsely impl[y] that the underlying debt is enforceable in court.'"[89]

Although the Letter at issue here does not include any disclaimer indicating that the debt is time-barred or the *Stimpson* language that the collection agency

---

[85] *Id.*

[86] *Id.*

[87] *Id.* at 1195, 1201.

[88] *Id.* at 1197.

[89] *Id.* (second alteration in original) (quoting *Buchanan v. Northland Grp.*, *Inc.*, 776 F.3d 393, 399 (6th Cir. 2015)).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 22 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 22 of 25

"will not sue," the Court concludes that nothing in the Letter "falsely impl[ies] that the underlying debt is enforceable in court" or implies that PAS "could bring a legal action . . . to collect the debt."[90]   This conclusion is bolstered by the Ninth Circuit's reasoning in *Stimpson* that "there is nothing inherently deceptive or misleading in attempting to collect a valid, outstanding debt, even if it is unenforceable in court."[91] Instead, "liability attaches under § 1692e only if a debt collection letter is 'false, deceptive, or misleading.'"[92]   Here, Plaintiff does not point the Court to any language in the Letter that is "false, deceptive, or misleading" or that is a "false representation of . . . the character, amount, or legal status of any debt."[93] Although the Letter does not include an express disclaimer about the legal status of the debt, read as a whole, the Letter does not misrepresent the legal character of the debt, and does not falsely imply it is enforceable in court.[94]   Accordingly, the Court concludes that even the least sophisticated debtor would not be deceived by the

---

[90] *Id.* (quoting *Buchanan*, 776 F.3d at 399).

[91] *Id.* at 1200.

[92] *Id.* at 1201.

[93] 15 U.S.C. § 1692e(2)(A).

[94] Under Alaska law, courts treat statutes of limitations as procedural and distinct from substantive matters. *See Lillegraven v. Tengs,* 375 P.2d 139, 140-41 (Alaska 1962) ("A statutory limitation on the time for commencing actions is generally considered to be a matter of procedure.").  Accordingly, the Court concludes that, in line with the majority rule, under Alaska law, a debt is not extinguished when the statute of limitations to enforce the debt expires, it is merely unenforceable in court.  *See Stimpson*, 944 F.3d at 1199–1200.

Case No. 3:19-cv-00085-SLG,  *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 23 of 25

Letter into thinking that this debt could be or would be enforceable in court. To hold otherwise—given that the Letter contains little beyond the debtor's balance and means of payment—would be to require an express disclaimer that the debt is time-barred in *any* attempt to collect on a time-barred debt. Neither the FDCPA nor the Ninth Circuit has required such a disclosure with every attempt to collect a time-barred debt.

Lastly, *Stimpson* also directly addresses Plaintiff's allegation that the Letter violates the FDCPA because it does not disclose the effect of partial payments on an otherwise time-barred debt.[95] The debtor in *Stimpson* made the same argument, contending that the debt collection letter was "deceptive or misleading because it [did] not warn debtors regarding the potential dangers of making a payment on a time-barred debt."[96] The Ninth Circuit rejected this argument, reasoning that "[a]lthough Congress expressly required debt collectors to provide specific statements to debtors on certain issues, nothing in the FDCPA requires debt collectors to make disclosures that partial payment on debts may revive the statute of limitations in certain states."[97]

In light of the foregoing, the Court finds that PAS's letter to Plaintiff does not

---

[95] Docket 36 at 14–15 (citing *Walker v. White*, 618 P.2d 561, 564 (Alaska 1980)).

[96] *Stimpson*, 944 F.3d at 1198 (footnote omitted).

[97] *Id.*; *see also id.* at 1199 ("[The debtor] does not point to any language in the FDCPA that can reasonably be interpreted as requiring debt collectors to provide legal advice on revival statutes.").

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 24 of 25

Case 3:19-cv-00085-SLG   Document 38   Filed 05/13/20   Page 24 of 25

constitute a violation of the FDCPA. Because the content of the communication is not disputed, the Court finds that any amendment would be futile; Plaintiff cannot cure the defect in his allegations without contradicting the operative complaint. [98] Accordingly, Defendants are entitled to judgment on the pleadings on Count III of the FAC.

## CONCLUSION

In light of the foregoing, Defendants' Motion for Judgment on the Pleadings at Docket 33 is GRANTED and Counts I, II, and III of the FAC are dismissed with prejudice.

The Clerk of Court is instructed to enter a final judgment accordingly.

DATED this 13th day of May, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[98] *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir. 1990).

Case No. 3:19-cv-00085-SLG, *Plumb v. Professional Account Services, Inc., et al.*
Order re Motion for Judgment on the Pleadings
Page 25 of 25